**Alejandra Cristina LIZARRAGA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71946.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Decided Oct. 20, 2015.

Christopher John Stender, Esquire, Federal Immigration Counselors, Inc., APC, San Francisco, CA, Christopher John Stender, Esquire, Federal Immigration Counselors, AZ, PC, Phoenix, AZ, for Petitioner.

Edward C. Durant, OIL, Rosanne Perry, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Alejandra Cristina Lizarraga, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir.2011). We deny the petition for review.

Substantial evidence supports the agency's determination that Lizarraga is removable under 8 U.S.C. § 1182(a)(6)(E)(i), where she knowingly assisted another alien in seeking entry into the United States in violation of law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling). Contrary to Lizarraga's contention, the agency did not err in relying on the Form I–213 and accompanying sworn statements in determining whether Lizarraga was removable as an alien smuggler. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (admission of Form I–213 is fair absent evidence of coercion or that the statements were not made by petitioner).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.